772

Bourgeois & Coulomb, of Atlantic City, N. J. (Wm. B. Hunter, Jr., of Atlantic City, N. J., of counsel), for appellant.

Thompson & Hanstein, of Atlantic City, N. J., for appellees.

Before BUFFINGTON and BIGGS, Circuit Judges, and DICKINSON, District Judge.

DICKINSON, District Judge.

A customer of the Atlantic City Bank applied for a letter of credit for .$2,500, paying the required sum. The bank, which did not issue letters of credit, applied in turn to Brown Brothers, who issued one to the customer. The transaction might have taken the form of a payment of the $2,500 to Brown Brothers. Instead, the bank retained the $2,500, agreeing with Brown Brothers to hold it in trust for them. Judge Avis, taking the view which might well be taken and which can be plausibly supported, gave judgment for Brown Brothers, holding them to have a claim upon the funds in the trust de-partment of the bank. Appellant relies upon the case of Edisto Nat. Bank of Orangeburg v. Bryant, 4 Cir., 72 F.2d 917.

The instant case has been discussed from the standpoint of whether a trust re-lation was created. We think a distinc-tion should be drawn between a trust in fact and an agreement to create one. Is a bank authorized to do a trust business, one person or two? We think it is two in the sense that when it acts as trustee it qua trustee is the custodian and guardian of the trust assets and the bank is a sepa-rate person with no title to them. In il-lustration, a bank may be authorized to act as executor. As such its identity is just as distinct as in the case of an individual. The individual who acts as executor is one person and although the same individual when acting as executor is another. The legislation authorizing banks to act in this dual capacity recognizes this distinction by requiring them as fiduciaries to do what is not required of them as banks. If these directory requirements are met the distinc-tion we have noted is kept clear. In the instant case the dealing of the customer who desired the letter of credit was with the bank and in its capacity as such. The bank as a bank dealt with Brown Brothers. It might, as we have said, have paid over the $2,500 to Brown Brothers for which they would have issued their letter of credit to the customer of the bank. In-stead of this, Brown Brothers issued their letter of credit relying upon the contract of the bank to pay Brown Brothers as the latter made advancements on the letter of credit. The transaction was so treated by the bank and not as a transaction with what is called the trust department of the bank. It is true that the bank further agreed to hold the $2,500 as moneys be-longing to Brown Brothers. In this sense there was a trust relation, but so there is between a bank and its depositors. It may or may not have been the duty of the bank to have treated the transaction as one be-tween Brown Brothers and the trust de-partment of the bank. If such was the duty of the bank, it did not comply with it. This brings the transaction within the rul-ing of the court in the Bryant Case. There is in every debtor and creditor case a trust relationship in the sense that the creditor trusts the debtor to do what he has agreed to do. The relation here between Brown Brothers and the bank was the relation of

creditor and debtor but in no other sense a trust relation.

The decree of the District Court is reversed, with directions to dismiss the bill, with costs to the defendant-appellant.